UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PAULINE OSHETSKI and LORI OSHETSKI-BACCHIA,

                          Plaintiffs,


               –against–                                    17-cv-4193 (LAK)


ALLSTATE INSURANCE COMPANY and ALLSTATE
INDEMNITY COMPANY,

                          Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OPINION


Appearances:


            Anna Karin F. Manalaysay
            James M. Adrian
            ADRIAN & ASSOCIATES, LLC
            *Attorneys for Plaintiffs*


            Daniel W. Coffey
            BOWITCH & COFFEY LLC
            *Attorneys for Defendants*


LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on plaintiffs' motion to remand the case to the New

York Supreme Court, New York County, from which it was removed on the basis of diversity of

citizenship. The motion presents the question whether this is a "direct action" against an insurance

2

company within the meaning of Section 1332(c)(1) of the Judicial Code.[1]

*Facts*

About a year ago, Pauline Oshetski asked her daughter, Lori Oshetski-Bacchia, to water the geraniums in Pauline's house in Rexford, New York, while Pauline was away. Lori accidentally left the water running in the sink, flooding at least part of the house. Pauline, perhaps thinking she was "in good hands with Allstate," made a claim on her insurance policy. The carrier denied coverage.

Pauline and Lori then sued Allstate in the New York Supreme Court, New York County. The complaint contains claims by Pauline for breach of the insurance policy and breach of its implied covenant of good faith and fair dealing. Both Pauline and Lori sue also for negligent infliction of emotional distress and alleged violation of Section 349 of the New York General Business Law.

Defendants removed, claiming jurisdiction based on diversity of citizenship. Plaintiffs move to remand. They argue that both defendants, though incorporated and having their principal places of business in Illinois, are deemed to be citizens also of the State of New York under the "direct action" provision of the diversity statute and that complete diversity is lacking because both plaintiffs also are citizens of New York. As plaintiffs accurately point out:[2]

> The issue in this case is solely whether Plaintiffs' suit against Allstate is a direct action – Defendants claim it is not; Plaintiffs claim it is. The resolution of this issue

---

[1]

28 U.S.C. § 1332(c)(1).

[2]

DI 16, at 1.

will determine whether this Court has diversity jurisdiction . . .

*Discussion*

The rudiments of diversity jurisdiction should go without saying. The district courts have subject matter jurisdiction over any civil action in which all of the plaintiffs, on the one hand, and all of the defendants, on the other, are citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds $75,000.[3] As a general matter, a corporation is deemed to be a citizen of the State of its incorporation and of the State in which it has its principal place of business.[4] But there is an added fillip with respect to certain actions against insurance companies. Congress in 1964 amended the relevant statute "in response to a surge in diversity case filings against insurance companies in Federal courts in Louisiana . . . [t]hat followed adoption of a state statute there . . . allowing *direct actions* against insurance companies."[5] The amendment expanded the "deeming" language of Section 1332(c)(1) to deem an insurer of a liability policy sued in a direct action a citizen not only of the state(s) of its incorporation and principal place of business, but also of the State of which the insured is a citizen. And while Congress revised the language modestly in 2011, the purpose and effect has remained. They are to eliminate diversity jurisdiction in direct actions against liability insurers unless the plaintiff(s) are of citizenship diverse from the insured, whether or not the insured is a defendant, not only from the insurer under the rule usually applicable

---

[3]

28 U.S.C. § 1332(a).

[4]

*Id.* § 1332(c)(1).

[5]

H.R. REP. No. 112-10, at 10-11 (2011) (referring to Pub. L. 88-439, 78 Stat. 445 (1964) (emphasis added)).

4

to corporations. So the question is whether this is a "direct action" within the meaning of Section

1332(c)(1).[6]

The answer is found in *Rosa v. Allstate Insurance Co.*[7] The issue there was whether

an action brought against an insurer under New York's "no fault" statute was a "direct action" for

purposes of Section 1332(c)(1). In answering that question in the negative, the Circuit articulated

principles that govern this case:[8]

> The Senate Report accompanying the 1964 amendment to § 1332(c) that added the proviso sets forth the legislative purpose:
>
>> The purpose of the proposed legislation is to amend section 1332(c) of title 28, United States Code, so as to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State "direct action" statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant.
>
> S. Rep. No. 1308, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S.C.C.A.N. 2778, 2778–79. Sensitive to congressional design, a number of courts have recognized that "direct action" is a form of words taken from the Louisiana statute and that simply because an insurer is a direct party does not make the litigation a "direct action." *Evanston Ins.,* 844 F.2d at 1188; *see also White v. United States Fidelity & Guar. Co.,* 356 F.2d 746, 747 (1st Cir.1966), *Bodine's Inc. v. Federal Ins. Co.,* 601 F. Supp. 47, 50 (N.D. Ill.1984). These courts have tended to limit the § 1332(c) proviso to situations where the insurer's status is that of a "'payor of a judgment based on the negligence of one of its insureds.'" *Myers v. State Farm Ins. Co.,* 842 F.2d 705, 707 (3d Cir.1988) (proviso does not apply to suit for under insurance benefits by injured third party brought against the insurance carrier of the vehicle's owner and operator); *Velez v. Crown Life Insurance Co.,* 599 F.2d 471, 473

---

[6]

It is well to recognize that in answering this question, we are construing a federal statute and thus applying federal rather than state law. *E.g.*, *Curet v. United Nat'l Ins. Co.*, 785 F. Supp.2d 440, 442-43 (S.D.N.Y. 2011).

[7]

981 F.2d 669 (2d Cir. 1992).

[8]

*Id.* at 674-76 (footnotes omitted) (emphasis added).

(1st Cir.1979) (§ 1332(c) proviso does not apply to suit by son of deceased against insurer for failure to meet its obligations under the deceased's life insurance policy); *see also District of Columbia, ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co.,* 797 F.2d 1041, 1048–49 (D.C. Cir.1986) (refusing to extend the proviso to a contract claim against an insurer on a performance bond in view of Congress' limited intent to bar jurisdiction over local tort claims); *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 995 (5th Cir.1985) (noting that Louisiana's "direct action" statute only applies to tort disputes and therefore the § 1332(c) proviso should not defeat diversity in a case involving claims on a fire insurance policy). *Because the § 1332(c) proviso is applicable when the insurer stands in the shoes of its legally responsible insured, who would traditionally be a defendant, the general rule is that the proviso does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer either by the insured for failure to pay policy benefits* or by an injured third party for the insurer's failure to settle within policy limits or in good faith. The Ninth Circuit has succinctly captured the prevailing rule:

> *Courts have uniformly defined the term "direct action" as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him . . . .* Thus, "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action."

*Beckham v. Safeco Ins. Co. of Am.,* 691 F.2d 898, 901–02 (9th Cir.1982) (citations omitted); *accord McGlinchey v. Hartford Accident & Indem. Co.,* 866 F.2d 651, 653 (3d Cir.1989); *Fortson v. St. Paul Fire & Marine Ins. Co.,* 751 F.2d 1157, 1159 (11th Cir.1985).

Here, Pauline Oshetski asserts two claims for breach of the insurance contract against her own insurer. Both she and her daughter assert two tort claims against the defendants. This certainly is not a case "in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Accordingly, this is not a "direct action" within the

6

meaning of the statute.[9]

*Conclusion*

For the foregoing reasons, plaintiffs' motion to remand the case to the State court [DI 7] is denied in all respects.[10]  Inasmuch as the plaintiffs reside in Saratoga County, New York, which is within the Northern District, and all of the relevant events likely occurred there or out of state, the parties shall show cause, on or before July 27, 2017, why this action should not be transferred to the Northern District of New York.

SO ORDERED.

Dated:        July 6, 2017

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[9]

The Court does not here address the fact that the notice of removal does not adequately allege the citizenship, as opposed to residence, of the plaintiffs.  Absent the filing, on or before July 27, 2017, of an amended notice of removal, the action will be remanded on that basis.  The Court assumes for present purposes, however, that this deficiency can and will be cured by amendment.

[10]

The Court understands that plaintiffs focus on the 2011 version of § 1332(c)(1), this in the apparent belief that the "deeming" clause applicable to direct actions first entered the statute as part of that amendment.  DI 8, at ECF p. 3.  In fact, however, as indicated in the test, the "deeming" language dates back to 1964.  The 2011 amendment made only a slight change in the wording and is immaterial here.